EDWARD A. DUFRESNE, JR., Chief Judge.
|2This is an appeal by Vedora Carson, the Jefferson Parish School Board and The Princeton Excess and Surplus Lines Insurance Co., defendants-appellants, from a judgment in favor of Huey Lee, plaintiff-appellee, for damages sustained by him in an accident involving a school bus. After a judge trial in which it was determined that the driver of the bus was negligent, he was awarded $125,000 in general damages, $5,535.01 in special damages, plus costs. For the following reasons we affirm the judgment.
Appellants urge only one assignment of error, which is that the trier of fact fell into manifest error in finding that the bus driver was negligent. The non-disputed facts are as follows. Lee, a masonry worker, was engaged in a job near the corner of Airline Drive and Grove Street in Jefferson Parish. Immediately before the accident he was either loading or unloading a wheelbarrow from a utility trailer parked partly on the shoulder and partly in the roadway of Grove Street. The school bus, driven by Vedora Carson, was traveling on Airline Drive and turned right onto Grove. As she passed the trailer the bus struck a handle of the | ^wheelbarrow which in turn struck Lee. A contemporaneous photograph of the scene showed the broken wheelbarrow with one handle apparently lodged in the wheel hub of the bus.
Lee’s employer, Eugene Moore, was one or two hundred feet away and did not witness the incident, but heard hollering and immediately came to the scene. Lee told him he was hurt, and Moore testified that he saw bruises on his leg and side. The following day Lee was seen by Dr. S. Daniel Seltzer, an orthopedic surgeon. This physician found tenderness and spasms in various areas of the spine, a bruised left thigh and abrasions on the right knee, all of which he ascribed to a blunt trauma injury. There was no evidence to controvert the facts that the left side or rear wheel of the bus struck the wheelbarrow, that the wheelbarrow struck Lee, and that he suffered those injuries diagnosed by Dr. Seltzer the next day.
The only real issue is therefore whether the driver of the bus negligently sideswiped the wheelbarrow, or whether Lee dropped it as the bus was passing causing one of the handles to be struck by the rear wheel. The trier of fact found that it was the former, and that the driver, the school board, and their insurer were liable for Lee’s injuries. This appeal followed.
In Stobart v. State through DOTD, 617 So.2d 880 (La.1993) the court discussed at length the standard of appellate review of factual findings. Although the standard is often referred to as “manifest error” or “clearly wrong,” those shorthand phrases actually describe the possible result of the actual inquiry, which is the reasonableness of factual determinations. The court said that “the issue to be resolved by a reviewing court is not whether the trier of fact is right or wrong, but whether the factfinder’s conclusion was a reasonable one.” (at 882). It further noted that when findings are based on credibility determinations those findings should not be set aside on appeal. It went on to say, however, that where a |4witness’s story is so inconsistent or implausible on its face, or so contradicted by objective evidence, a reviewing court might find manifest error even if the determinations purport to be based on credibility determinations. (Id).
*642 In the present case, appellants urge that because of inconsistencies and implausibilities in Lee’s version of events, it was manifest error to credit it. We disagree. As noted above, there can be little dispute that the bus struck the wheelbarrow and that Lee was injured as a result of the collision.
Appellants first assert that Lee gave conflicting statements to the investigating officer as to his exact position when the bus hit the wheelbarrow. The report states that Lee first said he was sitting on the rail of the trailer, but then said that he was standing on the ground. Lee testified at trial that the officer was mistaken. Regardless, this conflict is apparently irrelevant. First, wherever Lee was, he was clearly injured by the collision. Second, if he had been sitting on the rail it is difficult to see how he could have been lifting the large wheelbarrow into the trailer from that position and then dropping it as the bus passed, as appellants seem to be implying.
Similarly, Lee was less than concise as to where he was actually standing at the time of the impact. In his deposition and at trial he variously indicated that the wheelbarrow was to the rear of the trailer, or alongside of the trailer, and that he was either pushing it or putting tools into it. Again, there is scant relevance to these discrepancies. Wherever the wheelbarrow was in relation to the trailer or where Lee was standing or what exactly he was doing do not cast doubt on the fact that the bus and the wheelbarrow came into violent contact, and that Lee was injured in the accident. The only possible relevance here would be to show that Lee may have pushed the wheelbarrow into the path of the bus, thus establishing his own fault. He testified rather consistently that the bus came around the corner 15quickly, that the driver seemed to be losing control, and swerved towards his position thus striking the wheelbarrow. Neither was there testimony or other evidence to support the view that Lee may have been responsible for the incident. Finally, there was a second contemporary photograph showing the bus parallel to the trailer and approximately three feet from the side rail and with the wheelbarrow in between, thus showing that if the wheelbarrow had been next to the trailer it easily could have been hit as the bus went by.
Considering all of the above evidence, with all of its contradictions and inconsistencies, the issue here is whether or not a reasonable trier of fact could have found the bus driver negligent. In this court’s opinion he clearly could have so found. This is particularly so in light of the uncontested fact that the bus did indeed strike the wheelbarrow, that Lee’s employer said that he saw injuries to Lee at the scene, and that these injuries were fully diagnosed on the following day by a physician. Although Lee gave somewhat confusing testimony, it was not so inconsistent or implausible as to render a determination that the bus driver was at fault manifestly erroneous, especially in light of the complete lack of other evidence to indicate that it was Lee who somehow caused the accident. Because we do not find manifest error in the determination as to fault made by the trier of fact, we may not set that determination aside.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.

AFFIRMED.